UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| DAVID BRADLEY HIGH,<br><br>Plaintiff,<br><br>vs.<br><br>JOHN LUCAS and BRIAN FRITZIE,<br><br>Defendants. | 5:20-CV-05028-KES<br><br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF FEES AND 1915A SCREENING FOR DISMISSAL |

Plaintiff, David Bradley High, filed a pro se lawsuit. Docket 1. High moves for leave to proceed without prepayment of fees and included a financial affidavit. Docket 2. He moves for appointment of counsel and filed numerous letters with the court. Dockets 3, 6-16.

I.  **Motion for Leave to Proceed without Prepayment of Fees**

A federal court may authorize the commencement of any lawsuit without prepayment of fees when an applicant submits an affidavit stating he or she is unable to pay the costs of the lawsuit. 28 U.S.C. § 1915(a)(1). "[I]n forma pauperis status does not require a litigant to demonstrate absolute destitution." *Lee v. McDonald's Corp.*, 231 F.3d 456, 459 (8th Cir. 2000). But in forma pauperis status is a privilege, not a right. *Williams v. McKenzie*, 834 F.2d 152, 154 (8th Cir. 1987). Determining whether an applicant is sufficiently impoverished to qualify to proceed in forma pauperis under § 1915 is committed to the sound discretion of the district court. *Cross v. Gen. Motors*

*Corp.*, 721 F.2d 1152, 1157 (8th Cir. 1983). After review of High's financial affidavit, the court finds that High has insufficient funds to pay the filing fee. Thus, High's motion for leave to proceed without prepayment of fees (Docket 2) is granted.

## II.     1915A Screening

### A.     Factual Background

The facts alleged in High's complaint and letters are: From 1991 until 2001 High created inventions that were used by "JPL" National Aeronautics and Space Administration (NASA). Docket 1 at 3. High claims that he invented: (1) the ability to transform Mars's atmosphere and water to be comparable to Earth's; (2) anti-crime/anti-terrorism equipment; (3) a land based system that disintegrates enemy missiles or aircrafts; and (4) sensors that detect gold and silver. *Id.*; Docket 8 at 1. High had a "solar eclipse nightmare" that "prevented [him from] inventing the[] monitors[.]" Docket 8 at 1. He alleges that NASA gave him a "receipt" for his work for $50 billion. *Id.*; Docket 1 at 3. High claims that the defendants are from "the IRS [Internal Revenue System]" and are withholding the $50 billion and that NASA has been trying to give High the money since 2004. Docket 1 at 1; Docket 7 at 1.

### B.     Legal Background

The court must assume as true all facts well pleaded in the complaint. *Estate of Rosenberg v. Crandell*, 56 F.3d 35, 36 (8th Cir. 1995). Civil rights and pro se complaints must be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Bediako v. Stein Mart, Inc.*, 354 F.3d 835, 839 (8th Cir. 2004). Even

with this construction, "a pro se complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985); *see also Ellis v. City of Minneapolis*, 518 F. App'x 502, 504 (8th Cir. 2013). Civil rights complaints cannot be merely conclusory. *Davis v. Hall*, 992 F.2d 151, 152 (8th Cir. 1993); *Parker v. Porter*, 221 F. App'x 481, 482 (8th Cir. 2007).

A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). If it does not contain these bare essentials, dismissal is appropriate. *Beavers v. Lockhart*, 755 F.2d 657, 663 (8th Cir. 1985). *Twombly* requires that a complaint's factual allegations must be "enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Twombly*, 550 U.S. at 555; *see also Abdullah v. Minnesota*, 261 F. App'x 926, 927 (8th Cir. 2008) (noting that a complaint must contain either direct or inferential allegations regarding all material elements necessary to sustain recovery under some viable legal theory). Under 28 U.S.C. § 1915A, the court must screen complaints and dismiss them if they are "(1) frivolous, malicious, or fail[] to state a claim upon which relief may be granted; or (2) seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

C.     **Legal Analysis**

High does not allege facts to support that this court has subject matter jurisdiction over his complaint. It is unclear whether High meant to sue the IRS directly. He claims that the defendants are "from the IRS" and are withholding 50 billion dollars from him. Docket 1 at 1. Liberally construing High's facts, he believes that the defendants are employees of the IRS and that they have committed the tort of conversion against him. Under the Federal Tort Claims Act:

> [a]n action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a). "The Supreme Court . . . recognized that 'the most natural reading of § 2675(a) indicates that Congress intended to require complete exhaustion of Executive remedies *before invocation of the judicial process.*' "*Mader v. U.S.*, 654 F.3d 794, 807 (8th Cir. 2011) (quoting *McNeil v. United States*, 508 U.S. 106, 112 (1993)). "[A] claim that fails to satisfy § 2675(a)'s requirements remains inchoate, unperfected, and not judicially actionable." *Id.*

Here, High does not claim to have exhausted his remedies with the IRS and has not satisfied 28 U.S.C. § 2675(a)'s prerequisites. Thus, High's claims are not "judicially actionable." *Mader*, 674 F.3d at 807. Even after liberal construction of the facts alleged, this court finds that High has not stated

4

sufficient facts to establish that this court has subject matter jurisdiction over his complaint. "[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact. . . . [The] term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). This court finds that High's complaint is frivolous and dismisses it without prejudice under 28 U.S.C. § 1915A(1).

Thus, it is ORDERED:

1. That High's motion to proceed without prepayment of fees (Docket 2) is granted.
2. That this court does not have subject matter jurisdiction over High's complaint. High's complaint (Docket 1) is dismissed without prejudice as frivolous under 28 U.S.C. § 1915A(1) and that judgment is entered in favor of defendants, John Lucas and Brian Fritzie, and against plaintiff, David Bradley High.
3. High's remaining motion for appointment of counsel (Docket 3) is denied as moot.

Dated June 3, 2020.

BY THE COURT:

/s/ Karen E. Schreier
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE